■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK KEEHNER, Appellant.— Motion for leave to appeal to the Court of Appeals denied, without prejudice to an application to a Judge of the Court of Appeals or to a Justice of this court for certification, pursuant to subdivision 1 of section 520 of the Code of Criminal Procedure, that a question of law is involved which ought to be reviewed by the Court of Appeals. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ. [See *ante,* p. 755.]

■ EDWARD R. CALLAHAN et al., Respondents, v. WILSON W. JOHNCOX et al., Individually and as Copartners Doing Business as ARTHUR JOHNCOX & SON, Appellants, et al., Defendants. HERMAN B. COHEN, Plaintiff, v. DE LOS O. DENNIS et al., Defendants.— In an action brought in Queens County to recover damages for wrongful death, injuries to person and property and for medical expenses and loss of services, the appeal is from an order denying appellants' motion to change the venue to Broome County and for other relief. Order affirmed, without costs. No opinion. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ ALBA CAPONE, Respondent, v. FRANCESCO BRIANTE, Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from an order granting respondent's motion, under rule 151 of the Rules of Civil Practice, for a preference in the order of trial. Order reversed, with $10 costs and disbursements, and motion denied. The papers fail to establish that the interests of justice will be served by an early trial. Nolan, P. J., Wenzel, Beldock and Ughetta, JJ., concur; Kleinfeld, J., dissents and votes to affirm.

■ GLOBE INDEMNITY COMPANY, Respondent, v. BENJAMIN S. BACON, Appellant, et al., Defendants.— In an action to recover upon a contract of indemnity, the appeal is from an order denying appellant's motion to preclude respondent from offering evidence as to certain items in appellant's demand for a bill of particulars. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of RUBY C. WONG, Respondent, against NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Respondent retained an attorney and a notice of claim of personal injury was drawn, sworn to, and delivered to a process server, all at least three days before the expiration of the 90-day period within which the notice was required to be served (General Municipal Law, § 50-e). Because of the inadvertence of the process server the notice was not so served. About three months after the expiration of the 90-day period respondent moved for leave to serve the notice. The motion was granted and the appeal is from the order entered thereon. Order reversed, without costs, and motion denied, without costs. There is no contention that respondent was prevented from serving the notice within the prescribed period by reason of mental or physical incapacity. Furthermore, no explanation is given for the delay in applying to the court after the expiration of the statutory period. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

■ EDNA LENT, Appellant, v. MILDRED SEABROOK, Respondent.— In an action to recover damages for libel, the appeal is from an order of the City Court of Yonkers denying appellant's motion to strike an affirmative defense and counterclaim from the answer. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.